IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20671
Conference Calendar
_____


CLIFTON RAY CHOYCE,

Plaintiff-Appellant,

versus

ANGELA DYER,
TEDDY L. SMITH,

Defendants-Appellees.

--------------------

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CV-316

--------------------

December 19, 1995

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

The district court dismissed as frivolous Clifton Choyce's civil rights complaint wherein he alleged that he was charged and found guilty of a disciplinary infraction in retaliation for filing a lawsuit against one of the defendants. See 28 U.S.C. § 1915(d). Although Choyce's allegation that he was found guilty of the charge despite his innocence failed to state a claim under

---

[*] Local Rule 47.5.1 provides: "The publication of opinions that merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

42 U.S.C. § 1983, his claim of retaliation should have been considered separate and apart from his claim regarding the apparent validity of the underlying disciplinary report. See Woods v. Smith, 60 F.3d 1161, 1165 (5th Cir. 1995). We nevertheless AFFIRM the district court's dismissal of the complaint because Choyce's allegations are insufficient to establish a retaliation claim.

To state a claim of retaliation, an inmate must be prepared to establish that, but for the retaliatory motive, the complained of incident would not have occurred. Id. at 1166. This places a significant burden on the inmate to produce direct evidence of motivation or to allege a chronology of events from which retalation may plausibly be inferred. Id. Choyce failed to meet this significant burden; therefore, the district court's dismissal of his complaint under § 1915 is AFFIRMED.