Revised December 3, 1998

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-41292

_____

CLIFTON RAY CHOYCE,

Plaintiff-Appellant,

v.

DANIEL DOMINGUEZ, Sergeant; LUIS D GUTIERREZ;
DWIGHT F MORRIS, JR,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

December 2, 1998

Before KING, GARWOOD, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Clifton Ray Choyce, Jr., a Texas prisoner, appeals the magistrate judge's order dismissing his pro se in forma pauperis civil rights suit, 42 U.S.C. § 1983, pursuant to the "three strikes rule" of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). We vacate the magistrate judge's order granting IFP status on appeal and remand for reconsideration in the light of this opinion.

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff-appellant Clifton Ray Choyce, Jr., is a state prisoner incarcerated at the McConnell Unit of the Texas Department of Criminal Justice-Institutional Division at Beeville, Texas.  In a pro se complaint filed on June 16, 1997, Choyce alleged the following:  On May 7, 1997, he was returning to his cell from the dining hall when he passed defendants-appellees Luis D. Gutierrez and Dwight F. Morris, Jr., correctional officers at the McConnell Unit.  Morris said to Choyce, "I'm gonna beat your lawsuit filing ass when I get another chance."  Choyce asked Morris whether he was threatening retaliation for a lawsuit that Choyce had filed against him. Morris responded, "You know I will.  Fuck that lawsuit.  The court ain't gonna do nothing but throw that shit out.  I can do what I want to do."  At that point, defendant-appellee Daniel Dominguez, a sergeant at the McConnell Unit, approached Choyce from behind, grabbed his left arm, ordered Gutierrez and Morris to throw him on the floor, and told him, "I told your black ass we gonna get you.  You're filing to[o] much shit."  Gutierrez then grabbed Choyce around the waist, and Morris struck him in the face with his fist and threw him to the ground.  Morris then poked his finger into Choyce's right eye and twice slammed the right side of Choyce's head on the concrete floor.  Dominguez struck Choyce's head with a pair of handcuffs and twisted Choyce's left arm while his knee was in Choyce's back.  Choyce suffered a swollen and bruised right cheek and right wrist, knots

2

and bruises on the right side of his head, a bruised left wrist, and a skinned left elbow.

Choyce claimed that the May 7, 1997 incident was only one episode in an ongoing pattern of threats and violence designed to retaliate against him for filing lawsuits protesting his treatment in prison. For example, he asserted that on September 11, 1996, when he asked Dominguez to stop two officers from threatening him, Dominguez replied, "Shut the fuck up! I'll let them beat your ass, I'm ti[r]ed of your shit too!" On April 2, 1997, Choyce claimed, Dominguez ordered two other officers to handcuff and put him on the floor, although Choyce had engaged in no wrongful conduct. Moreover, two days after the May 7, 1997 assault, Morris allegedly told Choyce, "I didn't get your ass like I wanted to. You won't survive next time I get you." On May 14, 1997, Morris told Choyce, "Just like the first, you didn't fight back," and Dominguez said, "None of the smart assies [sic] fight back. We'll get him again if he keep filing shit. We get us one every day on my shift."

Choyce filed an action in the United States District Court for the Southern District of Texas, Corpus Christi Division, for damages and injunctive relief under 42 U.S.C. § 1983, alleging unnecessary and excessive use of force in violation of the Eighth Amendment and retaliation for exercising his right to free access to the courts in violation of the First and Fourteenth Amendments. He also alleged the torts of assault and battery.

3

Choyce consented to proceed before a magistrate judge.  The

defendants were served, filed an answer, and also consented to

proceed before the magistrate judge.

Title 28, United States Code Section 1915 governs federal

proceedings in forma pauperis (IFP).  Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal
> a judgment in a civil action or proceeding under this
> section if the prisoner has, on 3 or more prior occasions,
> while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g).  Noting that Choyce had had four suits

dismissed as frivolous or for failure to state a claim in the

district court,[1] the magistrate judge concluded that Choyce was

prohibited from bringing the instant complaint IFP unless he was

in imminent danger of serious physical injury.  She found that

the incident giving rise to the injury had occurred seventeen

months before[2] and that there was no indication of present danger

---

[1]  See Choyce v. Perez, No. C-96-CV-259 (S.D. Tex. Oct. 9,
1996); Choyce v. Doss, No. H-94-CV-2147 (S.D. Tex. Jan. 31,
1996); Choyce v. Thaler, No. H-95-CV-3677 (S.D. Tex. Dec. 12,
1995); Choyce v. Dyers, No. H-95-CV-316 (S.D. Tex. Aug. 10,
1995), aff'd, 77 F.3d 474 (5th Cir. 1995).  Choyce does not
challenge the magistrate judge's taking judicial notice that he
has had four suits dismissed as frivolous or for failure to state
a claim in the United States District Court for the Southern
District of Texas while he was a prisoner.

[2]  In fact, only five months had elapsed between the
incident giving rise to the complaint and the magistrate judge's
order of dismissal.

4

to Choyce.  Accordingly, she dismissed the complaint without prejudice pursuant to 28 U.S.C. § 1915(g).  Choyce timely appealed, and the magistrate judge granted leave to proceed IFP on appeal.

## II.  DISCUSSION

On appeal, Choyce contends that the magistrate judge erred in finding that he was not under imminent danger of serious physical injury.  He also argues that 28 U.S.C. § 1915(g) is unconstitutionally vague because it fails to define what it means to be "under imminent danger of serious physical injury."  We do not reach these issues, however, because we find that we must vacate the magistrate judge's grant of IFP status on appeal.

In Baños v. O'Guin, 144 F.3d 883, 884-85 (5th Cir. 1998), a case decided after the magistrate judge's determination at issue here, we held that the determination as to whether a prisoner is in "imminent danger" must be made as of the time that he seeks to file IFP his complaint or notice of appeal.  But see Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997) (holding that an inmate filing a complaint pursuant to § 1915(g) must allege imminent danger at the time of the alleged incident that serves as the basis of the complaint rather than at the time the complaint was filed).  In Baños, the district court dismissed the prisoner-litigant's § 1983 action pursuant to § 1915(g) because he had filed at least four prior actions that had been dismissed as frivolous and had not alleged that he was in imminent danger of

5

serious bodily injury.  See Baños, 144 F.3d at 884.  The prisoner filed a notice of appeal and an application to proceed IFP on appeal, which the district court granted.  See id.  The Fifth Circuit revoked his IFP status and dismissed his appeal because he did not establish or even allege that he was under imminent danger of serious physical injury at the time that he filed his notice of appeal.  See id. at 885.

We first consider whether Choyce may proceed IFP with this appeal.[3]  Baños held that in reviewing a grant of leave to appeal IFP, the appellate court must determine if danger exists at the time the plaintiff seeks to proceed with his appeal or files a motion to proceed IFP.  See id. at 884-85.  The magistrate judge in this case concluded that Choyce could proceed IFP on appeal, based presumably on his allegation in his Motion to Proceed In Forma Pauperis that he is still under imminent danger of serious

_____

[3]  Neither we nor our sister circuits have articulated the basis for our jurisdiction to review grants of leave to proceed IFP on appeal.  However, we have held, without addressing its jurisdiction to do so, that a court of appeals may review the denial of leave to appeal IFP, see Baugh v. Taylor, 117 F.3d 197, 199-202 (5th Cir. 1997), and at least one other circuit has held that a denial of IFP status is reviewable under 28 U.S.C. § 1291 as a final decision of a district court, see, e.g., O'Keefe v. Wilson, No. 96-56203, 1998 WL 476433, at *1 (9th Cir. 1998) (citing O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990)). Despite the lack of explicit authority for our jurisdiction to review grants of leave to appeal IFP, we revoked in Baños the district court's grant of leave to proceed IFP on appeal after determining that the district court examined as of the wrong time the prisoner-appellant's claim that he was in imminent danger of serious physical injury.  See Baños, 144 F.3d 884-85.  We did not set out the jurisdictional basis for our review of the district court's order.  See id.

physical injury.  We cannot say with certainty that the magistrate judge erred, but there is something of an incongruity between the magistrate judge's finding that Choyce was <u>not</u> in imminent danger of serious physical injury at the time his lawsuit was dismissed and the magistrate judge's implicit determination that Choyce <u>was</u> in such danger when he filed his motion to proceed IFP on appeal.  See <u>Baños</u>, 144 F.3d at 884 (noting that the lower court's "determination that § 1915(g) bars [the prisoner] from proceeding IFP in a civil action seems incongruous with the grant of leave to appeal IFP").  Of course, we recognize that these findings are not necessarily inconsistent, because they were made as of different points in time.  Nevertheless, the magistrate judge should, on remand, address the potential inconsistency between her rulings.[4]

## III.  CONCLUSION

Accordingly, we VACATE the magistrate judge's order granting IFP status on appeal and REMAND for reconsideration in the light of this opinion.

---

[4]  The magistrate judge may also wish then to reexamine her ruling dismissing the complaint insofar as it is based on a determination that the relevant time for assessing imminent danger was the date of her dismissal order rather than the date of filing the complaint as <u>Baños</u> requires, <u>see</u> 144 F.3d at 884–85, as well as in light of the computation error observed in note 2 above.

7