# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10027

United States Court of Appeals
Fifth Circuit

**FILED**

June 12, 2014

Lyle W. Cayce
Clerk

MIKEAL GLEN STINE,

Plaintiff-Appellant

v.

FEDERAL BUREAU OF PRISONS DESIGNATION AND SENTENCE COMPUTATION UNIT; JOSE SANTANA, Chief; LISA AUSTIN, Head Designator; DELBERT SAWERS, Chief; UNKNOWN PERSONS,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-4253

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Mikeal Glen Stine, federal prisoner # 55436-098, moves for leave to proceed in forma pauperis (IFP) on appeal. The district court dismissed Stine's civil rights complaint without prejudice under the three-strikes provision of 28 U.S.C. § 1915(g), determining that Stine had not plausibly alleged that he was in imminent danger of serious physical injury, and certifying that Stine's appeal was not taken in good faith.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10027

By his IFP motion, Stine challenges the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Stine's assertion that the defendants assigned him to Administrative Maximum United States Penitentiary (ADX) in Florence, Colorado, against the sentencing court's order is without merit. The court merely recommended that Stine be kept apart from members of the Aryan Brotherhood (AB), but the Bureau of Prisons (BOP) retained control over the place of Stine's imprisonment. *See Tapia v. United States*, 131 S. Ct. 2382, 2390-91 (2011).

Our review of Stine's extensive history of scurrilous and frivolous litigation confirms that he has filed more than three prior civil actions or appeals that have been dismissed as frivolous or for failure to state a claim. *See* § 1915(g). Stine nonetheless contends that he may proceed IFP in the district court and on appeal because he has pled that he faces imminent danger of serious bodily injury at the hands of prison gangs, particularly his former associates in the AB. *See Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (§ 1915(g) imposes is a "pleading requirement").

Even with the benefit of liberal construction, Stine's bare assertions that he has been attacked or threatened at unspecified times in the past by other inmates do not rise to the level of plausibly pleading that he was in "imminent danger of serious physical injury" when he filed his complaint or his motion to appeal IFP. *See* § 1915(g); *Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998). Moreover, Stine has been making indistinguishable claims of imminent danger since at least 2007, and federal courts in Colorado have rejected them based on evidence showing that Stine is adequately isolated and protected from

2

other inmates at ADX. *See, e.g., Stine v. Wiley*, No. 06-CV-2105, 2007 WL 201251, 2-3 (D. Colo. Jan. 27, 2007) (reciting evidence that Stine was "under supervision at all times, and not allowed to move within the institution without some form of supervision and not allowed unmonitored personal contact with staff or other inmates"); *Stine v. Lappin*, No. 07-CV-1839 2008 WL 3974361, 4-8 (D. Colo. Aug. 25, 2008) (rejecting assertions of new evidence and noting that Stine made his additional claims in disregard of a prior warning against "attempts to inundate the Court with baseless filings"); *Stine v. Federal Bureau of Prisons*, No. 10-CV-1652, 2010 WL 3276196, 2 (D. Colo. Aug. 17, 2010) (rejecting Stine's claims of imminent danger under § 1915(g) after prison officials attested that he was adequately protected). Stine has not plausibly pled that conditions have changed so as to leave him unprotected.

Stine has also failed to plausibly plead any connection between the alleged imminent danger in Colorado and his claims against the BOP defendants in Texas, because they have no control of conditions at ADX and because Stine has no right to be assigned to any particular prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976).

Because Stine has failed to present a nonfrivolous issue regarding the district court's certification, his motion for leave to proceed IFP on appeal is DENIED. *See Howard*, 707 F.2d at 220. Further, the appeal is DISMISSED as frivolous because the facts relevant to Stine's IFP motion are inextricably intertwined with the merits of his appeal of the district court's ruling that he is barred under § 1915(g) and does not plausibly plead imminent danger. *See Baugh*, 117 F.3d at 202 & n. 24; 5TH CIR. R. 42.2.