# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30520

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2015

Lyle W. Cayce
Clerk

DANNON KEITH SELLERS,

Plaintiff–Appellant,

versus

CHARLES B. PLATTSMIER; ERIC R. MCCLENDON,

Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:14-CV-3453

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:*

Dannon Sellers, Louisiana prisoner # 556277, moves for leave to proceed *in forma pauperis* ("IFP") in this appeal of the dismissal of his 42 U.S.C. § 1983

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30520

complaint. The motion is a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

In his complaint, Sellers maintained that the defendants, employees of the Louisiana Attorney Disciplinary Board ("LADB"), had failed to pursue disciplinary action against the prosecutors of his criminal case despite that the charging bill of information was invalid. The district court dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), concluding that to the extent Sellers was seeking dismissal of the charges, the claims sounded in habeas corpus; that any request for monetary damages based on his purportedly illegal detention was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and that the defendants were immune because they were acting in a prosecutorial capacity. Sellers contends that the defendants were required to act on his behalf because the state prosecutors had violated his constitutional and statutory rights and that the district court had failed to take into account his request for a preliminary injunction.

In the district court, Sellers contended that he was not challenging the validity of his conviction or sentence but was instead disputing the processes followed by the prosecution in seeking conviction. But Sellers's assertion that the prosecutors should have been sanctioned for proceeding under an invalid charging instrument does call into question the validity of the conviction, and his request that the LADB order dismissal of the bill of information appears to be an implicit request for release from imprisonment. A state prisoner challenging the fact or duration of his confinement who seeks an immediate or accelerated release from confinement must seek habeas relief under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). Likewise, a prisoner alleging that he is unconstitutionally imprisoned may not recover monetary

damages until he has shown that the conviction or sentence has been previously invalidated. *Heck*, 512 U.S. at 486–87.

The district court properly concluded that the LADB employees were absolutely immune from suit because their decision not to pursue disciplinary charges against the attorneys was prosecutorial in nature. *See Imbler v. Pachtman*, 424 U.S. 409, 431–31 (1976); *Green v. State Bar of Tex.*, 27 F.3d 1083, 1088 (5th Cir. 1994). Though Sellers is correct that such immunity does not bar requests for equitable relief, *see Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare*, 925 F.2d 844, 849 (5th Cir. 1991), he did not request any specific relief in his request for a preliminary injunction. In his civil rights complaint, he asked that the defendants be compelled to order the prosecutors to dismiss the bill of information and that they pull the attorneys' law licenses. Even if we construe those demands as the requested relief in the request for preliminary injunction, Sellers has not shown that he is likely to succeed on the merits of his claims relating to the dismissal of the charging instrument or that he will suffer any injury if the prosecutors do not lose their law licenses. *See Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). Thus, the district court did not abuse its discretion in its implicit denial of an injunction. *See Women's Med. Ctr. v. Bell*, 248 F.3d 411, 419 n.15 (5th Cir. 2001); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994).

Sellers has not shown that the district court erred or abused its discretion by dismissing. *See Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998); *Walter v. Torres*, 917 F.2d 1379, 1383 (5th Cir. 1990). Therefore, he has not established that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is denied, and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

No. 15-30520

The district court's dismissal of Sellers's complaint as frivolous and for suing an immune defendant and this court's dismissal of this appeal as frivolous count as two strikes under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). In addition, Sellers has accumulated another strike. *See Sellers v. Haney*, No. 6:15-CV-270 (W.D. La. June 25, 2015); *see also Coleman v. Tollefson*, 135 S. Ct. 1759, 1763–64 (2015). Sellers is therefore barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).