# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30632

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2016

Lyle W. Cayce
Clerk

DANNON KEITH SELLERS,

Plaintiff-Appellant

v.

J. PHIL HANEY; RENEE LOUVIERE; ANGELA ODINET; CHESTER CEDARS; RANDALL SERRETT; KEITH COMEAUX; FERNINAND VALTEAU; DAVID WILLARD; ELIZABETH LONG; RICHARD SPEARS; UNKNOWN JUDGE; JENNIFER HEBERT; WILBUR STILES,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:15-CV-270

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Dannon Keith Sellers, Louisiana prisoner # 556277, moves for leave to proceed in forma pauperis (IFP) in this appeal of the dismissal of his 42 U.S.C. § 1983 complaint. The motion is a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30632

In his complaint, Sellers maintained that a police detective wrongfully arrested him because she obtained an arrest warrant prior to the issuance of the charging bill of information; according to Sellers, this timing reflects that there was no probable cause supporting the arrest. He maintains that the lack of probable cause renders his guilty plea invalid. Sellers argues that the prosecutors involved in his case have allowed him to remain in unlawful confinement, that the trial judge had wrongfully sentenced him, and that the attorneys who had represented him failed to seek or obtain dismissal of the charges. The district court dismissed the case as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), concluding that to the extent Sellers was seeking dismissal of his criminal charges, the claims sounded in habeas corpus; that any request for monetary damages based on his purportedly illegal detention and prosecution was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); that the judicial and prosecutorial defendants were absolutely immune from suit; and that the defense attorneys were not state actors for § 1983 purposes. Sellers contends that his claims are not frivolous because they have a basis in law, that the defendants are not immune from suit because they violated his constitutional rights, and that the district court had failed to take into account his request for a preliminary injunction.

In the district court, Sellers contended that he was not challenging the validity of his conviction or sentence but was instead disputing the processes followed by the State in prosecuting him. But Sellers's assertions do in fact call into question the validity of the conviction, as he seeks dismissal of the bill of information and immediate release. A state prisoner challenging the fact or duration of his confinement who seeks an immediate or accelerated release from confinement must seek habeas relief under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). Likewise, a prisoner alleging that he

2

No. 15-30632

is unconstitutionally imprisoned may not recover monetary damages until he has shown that the conviction or sentence has been previously invalidated. *Heck*, 512 U.S. at 486–87.

The district court properly concluded that Sellers's defense attorneys were not state actors. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 317-18 (1981). Additionally, the court was correct in its ruling that the judicial and prosecutorial defendants were absolutely immune from suit for actions taken in the exercise of judicial functions or within the prosecutorial role of pursuing charges. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Although such immunity does not bar requests for equitable relief, *see Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare*, 925 F.2d 844, 849 (5th Cir. 1991), Sellers did not request any specific relief in his request for a preliminary injunction. In his complaint, he asked for dismissal of the bill of information and release from incarceration. Sellers has not shown that he is likely to succeed on the merits of his claims relating to the dismissal of the charging instrument or his release. *See Preiser*, 411 U.S. at 487; *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). Thus, the district court did not abuse its discretion in its implicit denial of an injunction. *See Women's Med. Ctr. v. Bell*, 248 F.3d 411, 419 n.15 (5th Cir. 2001); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994).

Sellers has not shown that the district court erred in dismissing his civil rights complaint. *See Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998); *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998). Thus, he has not established that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED, and the APPEAL IS DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

3

No. 15-30632

This court previously imposed the sanction bar of § 1915(g) against Sellers because he had accumulated three strikes. *See Sellers v. Plattsmier*, ___ F. App'x ___, 2015 WL 7785716, 1-2 (5th Cir. Dec. 3, 2015) (No. 15-30520) (unpublished). In addition, the dismissal of this instant appeal counts as a strike for § 1915(g) purposes. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Sellers is therefore REMINDED that he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).