# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10775

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2018

Lyle W. Cayce
Clerk

WILLIE ARTHUR MILTON,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:15-CV-35

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Willie Arthur Milton, Texas prisoner # 561014, moves for a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2254 application challenging a prison disciplinary proceeding that resulted in the temporary loss of recreation and commissary privileges. Milton also moves for in forma pauperis (IFP) status. The district court construed some of Milton's claims as arising under 42 U.S.C. § 1983 and dismissed those claims as barred under 28

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10775

U.S.C. § 1915(g) because Milton had brought at least three civil actions or appeals that had been dismissed as frivolous or for failure to state a claim.

Milton need not overcome the § 1915(g) bar in order to appeal the denial of § 2254 relief, *see Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997), but he does need a COA for this purpose, *see* 28 U.S.C. § 2253(c). To obtain a COA, a movant must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). If a district court has denied the constitutional claims on the merits, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Milton has failed to make such a showing. We therefore deny a COA.

The § 1915(g) bar applies to his remaining claims. A prisoner may not proceed IFP in a civil action or appeal a judgment in a civil action or proceeding if he has on three or more prior occasions, while incarcerated or detained in a facility, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." § 1915(g); *see Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). We conclude that Milton's allegations are insufficient to overcome the § 1915(g) bar. *See Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998). We deny Milton's IFP motion. The IFP decision is inextricably intertwined with the merits of the appeal of the district court's application of the § 1915(g) bar. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997). Because the appeal presents no nonfrivolous issue, we dismiss the appeal as frivolous. *See* 5TH CIR. R. 42.2.

COA DENIED; IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS.