# United States Court of Appeals
# for the Fifth Circuit

No. 20-40832

United States Court of Appeals
Fifth Circuit

**FILED**
May 11, 2021

Lyle W. Cayce
Clerk

REIDIE JAMES JACKSON,

*Plaintiff—Appellant*,

*versus*

KRISTI L. PITTMAN, SENIOR WARDEN; CAPTAIN AMANDA K.
BUCHANEK; LIEUTENANT JAQUEZ REED; SERGEANT
HAMILTON; CORRECTIONAL OFFICER WELIGNI GMAGNIPONE;
KEN PAXTON, ATTORNEY GENERAL OF TEXAS-AMICUS,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:20-CV-257

Before CLEMENT, ELROD, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Reidie James Jackson, Texas prisoner # 1164177, has filed a motion for leave to proceed *in forma pauperis* on appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint. Because Jackson has accrued at

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

least three strikes for purposes of 28 U.S.C. § 1915(g), he has moved for leave to proceed *in forma pauperis* on appeal under the imminent-danger exception.

Jackson must establish that he was "in imminent danger at the time that he [sought] to file his suit in district court or [sought] to proceed with his appeal or file[d] a motion to proceed [*in forma pauperis*]." *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1988); *accord Choyce v. Dominguez*, 160 F.3d 1068, 1070–71 (5th Cir. 1998) ("*Baños* held that in reviewing a grant of leave to appeal [*in forma pauperis*], the appellate court must determine if danger exists at the time the plaintiff [sought] to proceed with his appeal or file[d] a motion to proceed [*in forma pauperis*].").

Jackson alleged in his complaint and in his motion to proceed *in forma pauperis* in the district court that he was "[at] present" medically "heat-restricted, that is . . . restricted from temperatures above 85°," and that he was exposed to extreme heat at W.F. Ramsey Unit in Brazoria County, where he was housed.  Jackson signed his original complaint on July 7, 2020, and it was filed July 14, 2020.  Jackson signed his motion to proceed *in forma pauperis* in the district court on July 29, 2020, and it was filed August 6, 2020.

The government subsequently informed the district court that Jackson had been transferred from W.F. Ramsey Unit to an air-conditioned unit, although the record does not indicate the exact date of transfer.  The district court determined that "the dangerous conditions alleged in Jackson's complaint are moot or unsupported given his move to a different unit and the medical attention he has received."  On this basis, the district court denied Jackson's motion to proceed *in forma pauperis* and dismissed his complaint with prejudice under 28 U.S.C. § 1915(g).

Jackson's medical report, prepared by the government, indicates that Jackson was still housed at W.F. Ramsey Unit as of at least August 18, 2020—after Jackson filed his complaint and motion to proceed *in forma pauperis*.  Moreover, the government did not contest in the district court that

W.F. Ramsey Unit's extreme heat placed Jackson in danger of physical injury given his medical heat restriction. *Cf. Wanzer v. Rayford*, 832 F. App'x 319 (5th Cir. 2020) ("Wanzer alleges serious ongoing symptoms and hence 'imminent danger of serious physical injury.'"). Jackson therefore established that he was "under imminent danger of serious physical injury" at the time he filed his original complaint and his motion to proceed *in forma pauperis*. 28 U.S.C. § 1915; *Baños*, 144 F.3d at 884.

Jackson's motion to proceed *in forma pauperis* is GRANTED, the judgment of the district court is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.