# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2023

Lyle W. Cayce
Clerk

No. 21-40856

———————

Anthony Prescott,

*Plaintiff—Appellant*,

*versus*

UTMB Galveston Texas; Warden Michael Butcher; D.D.S. Andres Gilman; Practice Manager Pam Pace; RN Linda Garner,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:19-CV-190

———————————————————

Before Richman, *Chief Judge*, and Stewart and Douglas, *Circuit Judges*.

Carl E. Stewart, *Circuit Judge*:

This appeal arises from pro se plaintiff Anthony Prescott's suit against five University of Texas Medical Branch ("UTMB") personnel. After reviewing the pleadings and Prescott's more definite statement, the district court determined that he failed to state a claim and dismissed the complaint. He timely appealed and filed a motion to proceed on appeal in forma pauperis ("IFP"). The district court denied Prescott's IFP motion reasoning that he

was no longer eligible under 28 U.S.C. § 1915(g).  This court ordered the IFP motion be carried with the case on appeal.  For the following reasons, we have determined that Prescott has accumulated more than three strikes and has not established imminent danger, thus his motion to proceed IFP is DENIED, and his appeal is DISMISSED for failure to pay the required filing fees. *See* 28 U.S.C. §§ 1911–14.

## I.    FACTS & PROCEDURAL HISTORY

Prescott was an inmate in the Texas Department of Criminal Justice at the time he filed this suit against five UTMB personnel under 42 U.S.C. § 1983. After reviewing the amended complaint and the more-definite-statement,[1] the district court determined that Prescott failed to plead a § 1983 claim as to each defendant. Further, the district court determined, sua sponte, that the individual defendants were entitled to Eleventh Amendment immunity from claims of monetary damages because they acted on behalf of the state. It dismissed the case with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and concluded that the dismissal counted as a strike for purposes of 28 U.S.C. § 1915(g).

Prescott timely appealed the district court's order and filed a motion for leave to proceed IFP. The district court denied the motion after determining that he was no longer eligible for IFP-status because he had already accumulated at least three strikes and failed to demonstrate that he qualified for § 1915(g)'s imminent danger exception.  The district court based its decision on the strikes that Prescott accumulated in: 1. *Prescott v. UTMB*, Civil Action No. 3:19-cv-190, Dkt. 23 (S.D. Tex. Oct. 22, 2021); 2. *Prescott v.*

---

[1] When a complaint fails to provide adequate notice, it can be cured with a Rule 12(e) motion for a more definite statement. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002).

*Doe*, Civil Action No. 4:18-cv-4231, Dkt. 28 (S.D. Tex. Feb. 26, 2021); 3. *Prescott v. Pace*, Civil Action No. 3:18-cv-378, Dkt. 6 (S.D. Tex. Dec. 6, 2018); 4. *Prescott v. Abbott*, Civil Action No. 1:18-cv-957, Dkts. 5, 14 (W.D. Tex. May 20, 2019); and 5. *Prescott v. Abbott*, 801 F. App'x 335, 336 (5th Cir. 2020) (per curiam) (unpublished).

Prescott then filed a motion to proceed IFP, along with a supporting affidavit with this court and a judge ordered that his IFP motion be carried with the case. There are three issues on appeal, but because IFP-status is a threshold question, it is the first and, ultimately, the only question we address.

## II.    STANDARD OF REVIEW

While denial of an IFP motion is generally reviewed for abuse of discretion, whether a prior dismissal constitutes a strike is a legal question which is reviewed de novo. *See Camp v. McGill,* 789 F. App'x 449, 450 (5th Cir. 2020) (per curiam) (unpublished) ("Although our court has not expressly established a standard of review for a district court's conclusion that a prior dismissal counts as a strike for purposes of § 1915(g) . . . [w]hether dismissal constitutes a strike is a purely legal question, so we join our sister circuits in reviewing the issue de novo.").

Further, "[i]t is well-established that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citation and quotation marks omitted). "However, regardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (citation and quotation marks omitted).

No. 21-40856

## III. DISCUSSION

In his motion for IFP before this court, Prescott argues that the district court erred in denying his motion for IFP because a strike cannot be issued when his case is pending on appeal. He also argues that he fits within the imminent danger exception to § 1915(g). We address each argument in turn.

1.   *28 U.S.C. § 1915 (g) — Three Strike Rule*

a.   Strikes Count Even While on Appeal

We begin our analysis by examining what constitutes a strike for § 1915(g) purposes. Under 28 U.S.C. § 1915(b), this court may permit a party to proceed IFP on appeal if he establishes financial eligibility. Section 1915(g) prohibits IFP when a prisoner:

> [H]as, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Lomax v. Ortiz-Marquez*, 140 S. Ct. 1724 n.1, 1727 (2020) ("The text of the [Prison Litigation Reform Act ("PLRA")]'s three-strikes provision makes this case an easy call. A dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice."); *Sellers v. Plattsmier*, 637 F. App'x 111, 113 (5th Cir. 2015) (per curiam) (unpublished) (holding that "the district court's dismissal of Sellers's complaint as frivolous and for suing an immune defendant and this court's dismissal of this appeal as frivolous count as two strikes under § 1915(g)"). "The three strikes provision was designed to filter out the bad claims and facilitate consideration of the good." *Coleman v. Tollefson*, 575 U.S. 532, 539 (2015) (citation and quotation marks omitted).

No. 21-40856

Thus, the decision as to whether a strike applies solely depends on the basis for the dismissal. *See Lomax*, 140 S. Ct. at 1724–25.

With regard to how strikes are counted, the Supreme Court and the Fifth Circuit have held that a strike counts even if the case is pending on appeal. In *Coleman*, the Court interpreted § 1915 as treating a dismissal in a district court as a "prior occasion" separate and apart from the appeal. *Coleman*, 575 U.S. at 538 ("The [IFP] statute repeatedly treats the trial and appellate stages of litigation as distinct."). The Court held that "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Id.* at 537. We have repeatedly held the same and have determined that a strike may be warranted for qualifying dismissals in both the district court and on appeal. *See also McCollum v. Lewis*, No. 21-11259, 2022 WL 3928526 at *1 (5th Cir. Aug. 31, 2022) (per curiam) (unpublished) ("Both the district court's dismissal of [the plaintiff's] claims as frivolous and this court's dismissal of the appeal as frivolous count as strikes for purposes of § 1915(g)."); *Hernandez v. Cooper*, No. 20-40607, 2021 WL 5444742 at *1 (5th Cir. Nov. 19, 2021) (per curiam) (unpublished) ("The dismissal of the appeal and the district court's dismissal of the complaint count as two strikes under 28 U.S.C. § 1915(g).").

Having established that a plaintiff may receive a strike based on a district court decision and receive an additional strike by this court if the appeal is frivolous, we now turn to whether Prescott has accumulated three strikes pursuant to § 1915(g) to determine whether the district court erred in its denial of IFP.

    b.  Prescott's Strike History

*Strike One*

In *Prescott v. Abbott*, the district court, adopting the recommendation of the magistrate judge, dismissed Prescott's claims. *See* Civil Action No.

No. 21-40856

1:18-cv- 957, Dkts. 5, 14 (W.D. Tex. May 20, 2019). It determined that the named defendants were immune from suit because Prescott did not allege facts to support that the defendants violated his constitutional rights in their individual capacities, and it dismissed the claims as frivolous. *See Sellers*, 637 F. App'x at 113. On November 30, 2018, the district court issued Prescott his first strike. Prescott appealed that decision.[2] While that case was pending on appeal, a separate lawsuit was pending in a different federal district court.

*Strike Two*

In *Prescott v. Pace*, the district court determined that Prescott failed to state a claim because: 1. the Eleventh Amendment immunized the defendant in her official capacity; 2. there were no facts showing that the defendant was liable for Eighth Amendment violations in her individual capacity; and 3. the claims that the defendant's improper handling of his grievances was a violation of the Due Process Clause were without merit. *See* Civil Action No. 3:18-cv-378, Dkt. 6 (S.D. Tex. Dec. 6, 2018); *see also Sellers*, 637 F. App'x at 113. On December 6, 2018, the district court determined that Prescott failed to state a claim and dismissed the case with prejudice. This dismissal counted as his second strike. *See Lomax,* 140 S. Ct. at 1724 (concluding that "[u]nder [§ 1915(g)], a prisoner accrues a strike for any action dismissed on the

---

[2] In *Prescott v. Abbott*, Prescott asserted that the district court erred in holding that the defendants were entitled to immunity under the Eleventh Amendment because their immunity was abrogated under the American with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act ("RA"). *See* 801 F. App'x 335, 336 (5th Cir. 2020) (per curiam) (unpublished). A panel of this court held that Prescott failed to show that he was entitled to relief under the ADA and RA and that his remaining claims were conclusory and speculative. *Id.* We also concluded that Prescott failed to show how the district court abused its discretion in dismissing his claims as frivolous and thus affirmed the district court's ruling. *Id.*; *see also Taylor*, 296 F.3d at 378. On April 17, 2020, the panel affirmed the district court's strike and issued Prescott a warning that if he reached three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated unless he is under imminent danger of serious physical injury.

ground[ ] that it . . . fails to state a claim upon which relief may be granted ") (quotations omitted).

### *Strikes Three & Four*

In 2021, Prescott received his third strike in *Prescott v. Doe*, for failure to state a claim and frivolity. *See* Civil Action No. 4:18-cv-04231, Dkt. 29 (S.D. Tex. Feb. 26, 2021). In April 2022, after filing his notice of appeal in the instant case, a panel of this court decided *Prescott v. Doe*. *See* No. 21-20151, 2022 WL 1010693 at *1 (5th Cir. Apr. 5, 2022) (per curiam) (unpublished) (citing *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983)). There we concluded that Prescott's appeal was without merit and thus frivolous because he did not demonstrate how the district court erred in dismissing his case for failure to state a claim. *Id.* We denied his IFP motion and dismissed the case. We further determined that the dismissal of the district court as well as dismissal of the appeal counted as two additional strikes. *See McGarrah v. Alford*, 783 F.3d 584, 584–85 (5th Cir. 2015) (per curiam). We barred Prescott from proceeding IFP in any civil action or appeal and warned him that "any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions." *Doe*, 2022 WL 1010693 at *1. Despite only referencing the one strike he received in *Abbott*, these two strikes counted as Prescott's third and fourth strikes.

### *Strike Five*

Turning now to the instant appeal, Prescott filed this case in federal district court in June 2019 before receiving his third strike in *Doe* and warning in the *Abbott* appeal. He filed his amended complaint in October 2020, after receiving his warning in *Abbott*. Because this case was filed in district court during the pendency of Prescott's aforementioned appeals, however, he was able to proceed IFP because he had not yet accumulated his third strike. The

No. 21-40856

district court reviewed the pleadings and dismissed the case for failure to state a claim with prejudice and issued Prescott another strike, his fifth. *See Lomax*, 140 S. Ct. at 1727.

By the time Prescott filed his notice of appeal in November 2021, he was on notice that he received four strikes, one warning, and was barred from proceeding IFP in a civil case unless he met the imminent danger exception.[3] After carefully reviewing his strike history, we conclude that Prescott has properly received at least three strikes in accordance with 28 U.S.C. § 1915(g). Contrary to his assertions[4], we need not reach the question left open by *Coleman* on whether a third strike issued in a case pending on appeal may count for purposes of determining IFP status. *Coleman*, 575 U.S. at 540–41. This is because the district court's strike here was his fourth not third and thus his IFP status does not pivot on that point. Consequently, his appeal may not proceed IFP unless he establishes the existence of imminent danger.

*2.  28 U.S.C. § 1915(g) Exception —Imminent Danger*

Under § 1915(g), Prescott may pursue another action in federal court under IFP-status only if he is in "imminent danger of serious physical injury." *See Adepega v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

Prescott argues that he qualifies for this exception because he was repeatedly denied proper medical treatment in UTMB which, according to him, will likely result in the development of diabetes. He argues that he suffers from an abscessed tooth with an external chin fistula and a reoccurring

_____

[3] Although our decision relies only on the four strikes Prescott received prior to filing his notice of appeal (i.e., strikes issued by the district courts in *Abbott*, *Pace*, *Doe*, and the instant case), it is worth noting that, to date, Prescott has accumulated five strikes and two warnings.

[4] Prescott argues that a strike issued by a district court in a case that is on appeal should not count during the pendency of that appeal.

infection that he believes will spread in his mouth. Finally, he alleges that he was forced to eat food that he thought was contaminated by other inmates who viewed him as a snitch. He asserts that his consumption of this food may give rise to health concerns.

"[T]he determination as to whether a prisoner is in 'imminent danger' must be made as of the time that he seeks to file IFP his complaint or notice of appeal." *Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998) (per curiam). Although Prescott was transferred out of the unit where the alleged imminent danger was said to have occurred and has since been released from prison, at the time he filed his notice of appeal, he was housed in the unit in question. Thus, we determine imminent danger as if he was still incarcerated. *See id.* Further, we have held that there must be a nexus between the supposed imminent danger and the allegations and claims in the underlying suit. *See Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, 571 F. App'x 352, 354 (5th Cir. 2014) (per curiam) (unpublished). Though some of the danger Prescott argues is related to the underlying suit, the imminence is questionable. Specifically, Prescott argues denial of proper medical treatment but fails to establish how he was denied treatment and that the denial was ongoing at the time he filed this suit. The district court determined that Prescott had a history of dental concerns and that he refused dental treatment on more than one occasion until he finally approved the treatment which resolved the dental issue being complained of here.

With regard to food contamination, we have held that specific and detailed allegations of food contamination are sufficient to demonstrate imminent danger. *See Camp v. Putnam*, 807 F. App'x 303, 307 n.2 (5th Cir. 2020) (per curiam) (unpublished) (holding that the plaintiff's allegations "that the kitchen mixes spoiled food with new food, contaminating the entire meal and creating the risk of contracting salmonella and food poisoning" was

sufficient "[b]ecause salmonella and food poisoning can be life-threatening illnesses"). That is not the case here.

In this case, Prescott asserts a series of suspicions that his food had been tainted and assumes it is because he was viewed as a "snitch," but he does not allege any facts to support allegations of food contamination. Instead, Prescott argues that his alleged contaminated food is the likely result of ineffective training and prison policies. These allegations are conclusory and speculative and thus fail to demonstrate imminent danger as required by § 1915(g). *See Taylor*, 296 F.3d at 378.

Accordingly, we hold that the district court did not abuse its discretion in denying Prescott's motion to proceed IFP. *See Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998). He has accumulated more than three strikes and has failed to demonstrate imminent danger in this case. Therefore, we DISMISS his appeal and bar him from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury as defined by § 1915(g). Alternatively, he may pay the appropriate fees. He may resume any claims dismissed under § 1915(g), if he decides to pursue them, under the fee provisions of 28 U.S.C. §§ 1911–14.

## IV.   CONCLUSION

For the foregoing reasons, Prescott's motion for leave to proceed IFP is DENIED, and his appeal is DISMISSED for failure to pay filing fees pursuant to 28 U.S.C. §§ 1911–14.