# United States Court of Appeals for the Fifth Circuit

No. 23-40330

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2023

Lyle W. Cayce
Clerk

Roger Soliz, Jr.,

*Plaintiff—Appellant*,

*versus*

Doctor M. D. Hague; Doctor Marcus Hinkle; Joy Onougu, *Nurse Practioner*; Shelly or Sheryl LNU, *Nurse at UTMB Hospital Galveston*; Terry Speers, *Nurse Practioner*; Nurse Nwachukwu Uguru; Betsy Zachariah, *Senior Practice Manager*; Doctor Phillip Singer; Mark Foreman, *Orthopedic Surgeon*; Lateishal P. Cherry, *TDCJ Officer*; Salazar, *TDCJ Officer*; Angela N. Chevalier, *Assistant Warden*; Powers, *Assistant Warden*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:21-CV-66

Before Smith, Southwick, and Wilson, *Circuit Judges*.
Per Curiam:*

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40330

Roger Soliz, Jr., Texas prisoner # 01622355, has filed a motion to proceed in forma pauperis (IFP) in this appeal from the dismissal of his civil rights complaint. Soliz's IFP motion challenges the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

The district court concluded that the defendants were entitled to immunity from any claim for monetary damages against them in their official capacities. Moreover, the court determined that Soliz's allegations failed to state a claim that any of the defendants were deliberately indifferent to his serious medical needs. Because Soliz fails meaningfully to brief any challenge to the district court's reasons for dismissing his civil rights action, any such issues are abandoned. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Further, we do not consider Soliz's allegation that his surgeon was negligent and that his operation resulted in disfigurement and nerve damage, as Soliz raises those allegations for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Soliz does not make the requisite showing that he has a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. Accordingly, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. His motion for the appointment of counsel is also DENIED.

The district court's dismissal of the suit under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and our dismissal of this appeal as frivolous each count as a strike under § 1915(g). *See Prescott v. UTMB Galveston Tex.*,

No. 23-40330

73 F.4th 315, 319 (5th Cir. 2023); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Soliz is WARNED that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).