# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-10941

————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 4, 2024

Lyle W. Cayce
Clerk

Allen Lee Bell,

*Plaintiff—Appellant*,

*versus*

Sheriff Terry L. Morgan, *Garza County Sheriff's Office*; Philip Mack Furlow, *Garza County District Attorney*; Arthur Aguilar, Jr., *Attorney at Law*,

*Defendants—Appellees*.

————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:22-CV-135

————————————————————————

Before Clement, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Allen Lee Bell, Texas prisoner # 2400777, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The magistrate judge dismissed his complaint for failure to state a claim and as frivolous and because defendants were immune from suit. Bell has now filed a motion for leave to proceed in forma pauperis (IFP) on appeal, which constitutes a challenge to the district court's

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

certification that any appeal would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted). Although Bell maintains that the Prisoner Litigation Reform Act and the denial of IFP status violates his right of access to the courts, he is incorrect. *See Norton v. Dimazana*, 122 F.3d 286, 290-91 (5th Cir. 1997).

Before this court, Bell does not challenge the magistrate judge's conclusion that he was not entitled to injunctive relief, and any such argument is deemed abandoned. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). He does, however, repeat his assertions that the individual defendants violated his constitutional rights through various actions taken throughout his criminal proceedings. The magistrate judge concluded that the prosecutor and state judge were immune from suit, that Bell's criminal defense attorney was not a state actor, and that the county sheriff was not personally involved in any of the challenged actions and was not liable in his supervisory capacity. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 317-18 (1981); *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Davis v. Tarrant Cnty.*, 565 F.3d 214, 221 (5th Cir. 2009); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). The magistrate judge also ruled that Bell's conclusional allegations of a conspiracy were insufficient. Bell's repeated assertions that his constitutional rights have been violated, combined with his contentions that a conspiracy to violate an individual's civil rights warrants relief, do not present a nonfrivolous appellate argument. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); *Brinkmann*, 813 F.2d at 748.

In addition, Bell maintains that Garza County should be held responsible under a theory of municipal liability. As the magistrate judge found, Bell has failed to set forth an official policy or a pattern of behavior

leading to the violation of his constitutional rights, and he has not identified a policymaker responsible for such a policy. *See Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 808 (5th Cir. 2017). Bell does not present a nonfrivolous appellate argument regarding the dismissal of his municipal liability claims.

Finally, Bell has not set forth a nonfrivolous appellate argument relating to the magistrate judge's alternative conclusion that his challenges to his 2021 guilty plea leading to his deferred adjudication for failure to appear, his 2022 arrest and charges for failure to register as a sex offender, and the state court's ultimate revocation of community supervision on his 2021 criminal proceedings would call into question the validity of his conviction, which has not been reversed or overturned. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). To the extent that Bell is complaining about additional criminal proceedings for the first time in this appeal, we decline to consider the claims in the first instance. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Bell does not make the requisite showing that he has a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. Accordingly, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Bell's motion for appointment of counsel on appeal is likewise DENIED.

The district court's dismissal of Bell's complaint as frivolous, for failure to state a claim, and for suing immune defendants and this court's dismissal of this appeal as frivolous count as strikes under 28 U.S.C. § 1915(g). *See Prescott v. UTMB Galveston Tex.*, 73 F.4th 315, 319-20 (5th Cir. 2023). Bell is CAUTIONED that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).