# United States Court of Appeals for the Fifth Circuit

---

No. 25-50134
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2025

Lyle W. Cayce
Clerk

OSCAR L. SHAW,

*Plaintiff—Appellant*,

*versus*

STATE OF TEXAS; GREG ABBOTT, *Governor of the State of Texas*; KEN PAXTON, *Attorney General, State of Texas*; MIDLAND COUNTY, COURTHOUSE; MIDLAND POLICE DEPARTMENT; JOHN WESTBROOK, *Assistant District Attorney*; GEORGE D. GILLES, *142nd District Court Judge*; AL SCHORRE, JR.; TEXAS BOARD OF PARDONS & PAROLES; VIVIAN WOOD, *Midland County District Clerk*; JERRY SHORTE, *Court Reporter*; H. W. LEVERETT, JR., *Attorney, also known as Woody*; TEXAS DEPARTMENT OF CRIMINAL JUSTICE; KELLY G. MOORE, *Senior Judge*; DAVID ROGERS, *142nd District Court Judge*; BRITTNEY REHG, *Assistant District Attorney*; LAURA NODOLF, *District Attorney*; TEXAS DEPARTMENT OF CRIMINAL JUSTICE BOARD OF DIRECTORS; MICHAEL P. BRITT, *Warden*; TALLAN R. METCALF, *Assistant Warden*; BRYAN COLLIER, *Executive Director, Texas Department of Criminal Justice*; JOHN INGRAM, *Midland Police Detective*; RALPH WELDON PETTY, *Assistant District Attorney*; MATTHEW BLAIR, *Attorney*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:24-CV-1538

---

No. 25-50134

Before Elrod, *Chief Judge*, and Jones and Higginson, *Circuit Judges*.

Per Curiam:[*]

Oscar L. Shaw, state prisoner #646048, seeks leave to proceed *in forma pauperis* on appeal from the district court's dismissal of his civil rights complaint. Shaw also filed motions requesting the appointment of counsel and intervention.

In his motion to proceed IFP, Shaw contends that when he filed his notice of appeal, he "was under imminent danger of serious physical injury [because he was] being exposed to secondhand smoke from illegal dangerous drugs," specifically, fentanyl, PCP, methamphetamine, and K2.[1] Shaw insists that he was "forced to inhale secondhand smoke" from these drugs daily and, as a result, he developed a "serious cough, chest pains, and problems breathing." And he maintains that prison officials remained "deliberate[ly] indifferent," "doing little or nothing about the problem."

While incarcerated, Shaw has already filed more than three civil actions or appeals that have been dismissed as frivolous or for failure to state a claim, so he is barred from proceeding *in forma pauperis* unless he is under "imminent danger of serious physical injury." *Prescott v. UTMB Galveston Texas*, 73 F.4th 315, 321 (5th Cir. 2023) (citing 28 U.S.C. § 1915(g)). Determination of whether Shaw is under imminent danger must be made at the time he filed his notice of appeal or motion to proceed IFP. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] The Drug Enforcement Administration lists K2 as "one of the many trade names or brands for synthetic designer drugs that are intended to mimic TCH, the main psychoactive ingredient of marijuana." U.S. Dep't. of Just. Drug Enf't. Admin., (Dec. 2024), https://www.dea.gov/sites/default/files/2025-01/K2-Spice-Drug-Fact-Sheet.pdf.

No. 25-50134

In its order regarding Shaw's motion to proceed IFP on appeal, the district court determined that his "application for leave to proceed *in forma pauperis* on appeal pursuant to 28 U.S.C. §1915 [wa]s DENIED" on the basis that Shaw "is barred from proceeding *in forma pauperis* on appeal because of the 'three strikes' rule of 28 U.S.C. § 1915(g)." Shaw failed to show that he was under imminent danger of serious physical injury when his motion to proceed IFP was filed as § 1915(g) requires. *Baños*, 144 F.3d at 884-85.

Shaw's motions to proceed IFP, for the appointment of counsel, and for intervention are DENIED and the appeal is DISMISSED. The appeal may be reinstated only if Shaw pays the appeal fees within 30 days of this dismissal.