# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20163

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2015

Lyle W. Cayce
Clerk

THOMAS H. CLAY,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-28

Before DENNIS, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Thomas H. Clay, Texas prisoner # 1124123, filed a 28 U.S.C. § 2254 application challenging a prison disciplinary proceeding. The district court dismissed his § 2254 claims with prejudice. It noted that Clay's claims might be cognizable in a 42 U.S.C. § 1983 action, and dismissed any such claims without prejudice because Clay had not paid the civil filing fee, had at least

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20163

three strikes under 28 U.S.C. § 1915(g), and had not shown that he was in imminent danger of serious physical injury.

Clay seeks a certificate of appealability (COA) and leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his § 2254 application. He contends that the district court did not consider the merits of his § 2254 application, erroneously dismissed his § 2254 claims pursuant to the three-strikes bar, and construed his claims as arising under § 1983 without giving him notice and an opportunity to amend.

To obtain a COA, Clay must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When, as in this case, a district court has rejected a prisoner's constitutional claim on the merits, this court will issue a COA only if he demonstrates that jurists of reason could disagree with the district court's resolution of his constitutional claims or could conclude the issues presented are "adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks and citation omitted). Clay has not made that showing. Accordingly, his motions for a COA and to proceed IFP on appeal from the denial of his § 2254 application are DENIED.

Clay also has requested leave to proceed IFP on appeal from the district court's dismissal of his § 1983 claims.[1] *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). However, a review of Clay's prior civil actions confirms that at least three have been dismissed, in full or in part, as frivolous, or malicious, or for failure to state a claim. *See e.g. Clay v. Christus Spohn Memorial, et al.*, No. 2:01-cv-00002 (S.D. Tex. Apr. 23, 2001); *Clay v. Nueces Cnty. Jail Sheriff's Dep't, et al.,* No. 2:01-cv-00158 (S.D. Tex. Apr. 12, 2002); *Clay v. Ramos, et al.*, No. 2:00-cv-00409 (S.D. Tex. Apr. 3, 2001); *Clay v. Vasquez, et al.*, No. 2:01-cv-

---

[1] Clay does not need a COA to appeal the dismissal of his § 1983 complaint.

00135 (S.D. Tex. Mar. 13, 2002).  Thus, Clay has three strikes and is barred under § 1915(g) from proceeding IFP in any civil action or appeal filed while he is incarcerated unless at the time that he sought to file his complaint in the district court, proceeded with his appeal, or moved to proceed IFP, he was in imminent danger of serious physical injury.  *See* § 1915(g); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).  Although Clay argues that he is not being treated for a medical condition likely to cause serious physical injury, his pleadings indicate that he simply disagrees with his diagnosis and current treatment.  Clay has not made that showing.  His motion for leave to proceed IFP on appeal from the dismissal of his § 1983 claims is DENIED.

Clay's appellate argument, that the district court erred in dismissing his § 1983 complaint based on a finding that he had three-strikes under § 1915(g), is without arguable merit and thus frivolous.  *See Howard v. Kin*g, 707 F.2d 215, 219-20 (5th Cir. 1983).  Clay's appeal from his § 1983 claims is DISMISSED.  *See* 5th Cir. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.

The dismissal of this appeal as frivolous counts as yet another strike under § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996).  Clay is reminded of the three-strikes bar and is cautioned that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions.

COA DENIED; IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS.