# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2023

Lyle W. Cayce
Clerk

No. 20-10964

Jim B. Estes,

*Plaintiff—Appellant*,

*versus*

Joseph Eastridge, RN, MSN, NP-C; Brian Collier,
Executive Director, Texas Department of Criminal
Justice; Dr. Talley, Medical Doctor, Director T.T.U.
Robertson Unit; Dr. Robert Martin, Medical Doctor,
Robertson Unit; Jackie Gregory, F.N.P. Robertson Unit,

*Defendant—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:20-CV-98

Before Jolly, Haynes, and Graves, *Circuit Judges*.

E. Grady Jolly, *Circuit Judge*:*

Jim B. Estes is a Texas prisoner. He has filed this § 1983 civil rights
complaint against his prison's medical staff. Although he sought to proceed
*in forma pauperis* (IFP) on appeal, an IFP appeal is barred by the three-strikes

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 20-10964

rule, 28 U.S.C. § 1915(g),[1] unless he shows that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Because he has failed to make such a showing, we DENY Estes's motion to proceed IFP on appeal, and the appeal is DISMISSED.[2]

I

Estes suffers from chronic neck and back pain.  Following his third spinal surgery, his specialist prescribed a back brace, tramadol, and gabapentin.  Proceeding *pro se*, Estes filed this § 1983 claim, alleging that his prison's medical staff withheld his back brace, refused to order his gabapentin, and decreased his tramadol dosage.  He alleges that this "interference" caused him pain and led to a loss of mobility.

II

The magistrate judge recommended that Estes's complaint be dismissed because Estes did not pay the filing fee and could not proceed IFP. Estes could not proceed IFP because the magistrate judge found that Estes had previously filed three lawsuits that were dismissed as frivolous, thereby triggering the three-strikes bar in 28 U.S.C. § 1915(g).  Furthermore, the magistrate judge concluded that Estes could not satisfy the "imminent-danger exception" to § 1915(g).  Thus, since Estes did not pay the filing fee and could not proceed IFP, the magistrate judge recommended dismissing

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

[2] Estes's motion for the appointment of counsel on appeal is DENIED AS MOOT.

No. 20-10964

the complaint.  The district court adopted these findings and dismissed the complaint without prejudice.

Estes appealed to this court.  Although he moved in this court to proceed IFP on appeal, the motion was not properly before us because he failed to raise the issue in district court.[3]  We thus held his appellate IFP motion in abeyance and remanded the case to the district court to assess Estes's IFP status.  *See Estes v. Eastridge*, No. 20-10964 (5th Cir. order entered May 25, 2021).

Then back in the district court, Estes filed an amended motion to appeal the dismissal of his case IFP.  In the motion, he made the same allegations as noted above.  He further alleged, however, that his physical condition was deteriorating and that his "worsening condition [was] ongoing."

The magistrate judge concluded that the three-strikes bar still applied and that Estes did not qualify for the imminent-danger exception to the bar. The district court agreed, adopted the magistrate judge's findings, and certified that the appeal was not taken in good faith.  Accordingly, the district court denied Estes's request to appeal IFP.

III

The case was then returned to us, putting before us four issues: (1) the denial of Estes's motion to appeal IFP; (2) his request for the appointment of counsel on appeal; (3) his challenge to the district court's bad faith certification; and (4) his appeal of the district court's dismissal of his complaint.

---

[3] *See* FED. R. APP. P. 24(a)(1) (unrepresented litigants who wish to proceed *in forma pauperis* on appeal must file a motion in the district court).

No. 20-10964

Addressing the first issue decides the case. No prisoner can proceed IFP on appeal if the prisoner has "three strikes" under 28 U.S.C. § 1915(g), "unless the prisoner is under imminent danger of serious physical injury." Estes does not contest that he has three strikes.[4] He contends, however, that he qualifies for the imminent-danger exception to the three-strikes bar.

We disagree. One general principle that guides us is that "complaints about the quality of [a prisoner's] medical care are insufficient" to meet the imminent danger exception. *Edmond v. Tex. Dep't of Corrs.*, 161 F.3d 8, at *3 (5th Cir. 1998) (per curiam) (unpublished).[5] There may be instances in which a prisoner's inadequate medical care may present a danger of serious physical injury. But here Estes only offers subjective complaints that his prison implemented a more conservative treatment plan than that recommended by his medical specialist. Thus, he has not shown that he is under imminent danger of serious physical injury sufficient to avoid the three-strikes bar. It follows, therefore, that his motion to proceed IFP on appeal is DENIED.

## IV

Accordingly, Estes's appeal is DISMISSED. Estes's motion for the appointment of counsel on appeal is also DENIED AS MOOT.

---

[4] *See also Estes v. NFN Camargo*, 491 F. App'x 474, 476 (5th Cir. 2012) (per curiam) (affirming dismissal, noting that Estes has three § 1915(g) strikes, and issuing a warning against future frivolous filings).

[5] *See also Thompson v. Allred Unit*, No. 22-10641, 2022 WL 14461808, at *1 (5th Cir. Oct. 25, 2022) (per curiam); *Clay v. UTMBH CMC Estelle Unit Med. Emps.*, 752 F. App'x 195, 196 (5th Cir. 2019) (per curiam); *Sossamon v. Gregory*, 735 F. App'x 158, 159 (5th Cir. 2018) (per curiam); *Clay v. Stephens*, 597 F. App'x 261, 262 (5th Cir. 2015) (per curiam).