# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2023

Lyle W. Cayce
Clerk

No. 22-40507

Thomas H. Clay,

*Plaintiff—Appellant*,

*versus*

State Classification Department of TDCJ; Chief of the SCC Transfer Department; Bryan Collier, *Executive Director*; Lanette Linthicum, *TDCJ Health Services Medical Director*; Ernestine Julye, *Medical Facility Director*; Paul Reilly, P.A.; TDCJ Administrative Employees; Correctional Unit Officers,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:22-CV-21

---

Before Clement, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:[*]

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40507

Thomas H. Clay, Texas prisoner # 1124123, moves to appeal in forma pauperis (IFP) from the district court's dismissal without prejudice of his 42 U.S.C. § 1983 complaint. He seeks to contest the district court's finding that he was barred from proceeding IFP in the district court by the three-strikes provision of 28 U.S.C. § 1915(g) and by an order issued in a previously filed civil case precluding him from future filings until he paid the full filing fee for that complaint. *See Clay v. Zeon*, No. 4:14-CV-57 (S.D. Tex. Aug. 20, 2014).

Pursuant to § 1915(g), a prisoner may not proceed IFP in an appeal of a judgment in a civil action if he has, on three or more prior occasions, while incarcerated, brought an action or appeal that was dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is under imminent danger of serious physical injury. § 1915(g). A prisoner with three strikes is entitled to proceed with his action or appeal only if he is "in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP." *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).

Clay first alleges that he is not subject to the § 1915(g) bar because his prior dismissals did not qualify as countable strikes. Yet Clay provides no explanation as to why the three-strike bar should not apply. And, critically, we have already held both before and after *Brown v. Megg*, 857 F.3d 287, 290-91 (5th Cir. 2017), that Clay has three strikes for purposes of § 1915(g). *Clay v. UTMBH CMC Estelle Unit Med. Emps.*, 752 F. App'x 195, 195 (5th Cir. 2019); *Clay v. Stephens*, 597 F. App'x 261, 262 (5th Cir. 2015). Finally, Clay's suggestion that § 1915(g) violates his right to access the courts is unavailing. *See Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997).

Additionally, Clay asserts that the district court wrongly decided that he was barred from proceeding on an IFP basis pursuant to a preclusion order in the Southern District of Texas. *See Clay v. Zeon*, No. H-14-0057, 2014 WL

4168354, at \*5-6 (S.D. Tex. Aug. 20, 2014). We have previously upheld a district court's enforcement of sanctions imposed by other federal district courts. *See Balawajder v. Scott*, 160 F.3d 1066, 1067-68 (5th Cir. 1998). Here, Clay does not dispute that he has not paid the filing fee due in the Southern District of Texas, nor is there any indication that the preclusion order was modified or rescinded, or that his § 1983 suit is excepted from the order. And Clay has a long history of frivolous and repetitive pleadings. Accordingly, the district court did not abuse its discretion in deciding to enforce the preclusion order. *See Gelabert v. Lynaugh*, 894 F.2d 746, 747-48 (5th Cir. 1990).

Finally, Clay argues that the § 1915(g) bar should not apply because he is under imminent danger of serious physical injury. He contends that he has developed an antibiotic-resistant staph infection that has not been properly treated and has caused his health to worsen. Clay also asserts that he is housed in a cell in which he cannot use his wheelchair and that his wheelchair is occasionally confiscated, meaning that he is forced to walk and stand. He further contends that his food has been contaminated and that "toxic powder" has been "bombarded" into his cell. Moreover, he complains of other aspects of his medical care, states that his cell is at times flooded, and alleges that door slamming in his unit has caused him to suffer post-traumatic stress disorder.

These allegations are not sufficient to establish that Clay was under imminent danger of serious physical injury at the time that he sought to appeal IFP. *See* § 1915(g); *Baños*, 144 F.3d at 884-85. In other words, Clay may not show imminent danger based on events that do not implicate specific ongoing harm at the relevant time—when he filed his motion to proceed IFP on appeal. *See Choyce v. Dominguez*, 160 F.3d 1068, 1071 (5th Cir. 1998). Clay's § 1983 complaint involves acts and decisions made while he was imprisoned in the Polunsky Unit. At the time Clay filed his appeal and sought leave to proceed IFP, however, he was imprisoned in the Michael Unit. Clay

No. 22-40507

has not plausibly alleged that his experience in the Polunsky Unit is connected in any way to his experience in the Michael Unit, nor has he otherwise offered any facts or evidence to support that the imminent-danger exception applies. Instead, he presents speculative, vague, and conclusory allegations that do not demonstrate that he faced a danger of a particular serious physical injury. *See Baños*, 144 F.3d at 884-85.

Given the foregoing, Clay's motion for leave to proceed IFP is DENIED. For the same reasons, his appeal from the district court's dismissal of his suit without prejudice as barred § 1915(g) and the order of preclusion is frivolous and is DISMISSED. *See* 5TH CIR. R. 42.2; *Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997).

Because Clay continues to file frivolous pleadings and previously was warned that future frivolous or repetitive filings would subject him to further sanctions, he is ORDERED to pay a monetary sanction in the amount of $100 payable to the clerk of this court. Clay is BARRED from filing any pleading in this court or in any court subject to its jurisdiction until the sanction is paid unless he first obtains leave of the court in which he seeks to file a pleading. Further, he again is WARNED that any future frivolous, repetitive, or otherwise abusive filings will invite the imposition of additional sanctions, which might include dismissal, further monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. Clay should review any pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION IMPOSED; SANCTION WARNING ISSUED.